IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Maurice Lorenzo Jeffcoat,                                    C/A No. 9:21-cv-2447-SAL

                              Petitioner,

v.

Sherriff Kristin Graziano,

                              Respondent.

      *Pro se* petitioner Maurice Lorenzo Jeffcoat ("Petitioner"), a pretrial detainee, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to Magistrate Judge Molly H. Cherry for pretrial proceedings. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the Report") to dismiss the petition without prejudice and without requiring Respondent to file a return. [ECF No. 13 at 6.] Petitioner filed objections to the Report on October 12, 2021. [ECF No. 17.] Thus, this matter is ripe for review. For the reasons set forth below, the court adopts the Report in its entirety.

## STANDARD OF REVIEW

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this court is not required to give an explanation for adopting the recommendation. *See*

*Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

2

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

In petitioner's § 2241 petition, he challenges a pending criminal case in Charleston County, South Carolina and seeks dismissal of the charges against him. [ECF No. 1.] The Magistrate Judge's recommendation to dismiss the petition is two-fold. First, the Magistrate Judge determined that the petition is not properly before the court because Plaintiff failed to exhaust his administrative remedies in state court before filing this action. [ECF No. 13 at 3.] Second, the Magistrate Judge found that dismissal is appropriate on abstention grounds due to Petitioner's pending state proceedings and his ability to pursue his claims in state court. *Id.* at 4–5.

Petitioner objects to the Report's finding that he has not exhausted his administrative remedies.[1] He asserts that he has exhausted his administrative remedies because he reached out several times to the lawyer representing him in his state court proceeding, other lawyers, the clerk of court, and "everyone one [he] could" regarding his case. [ECF No. 17.] However, he has not presented his claim to the state court, such that *the court* has had a fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *See* [ECF No. 13 at 3 (quoting *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)]; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Consequently, the court overrules his objection.

---

[1] The court notes that on February 4, 2022, Plaintiff filed a purported second objection, but it only concerns his compliance with the court's proper form order, which was not contested in the Report. *See* [ECF No. 22.]

3

Moreover, Plaintiff does not address the Report's finding that dismissal is also appropriate under the *Younger* abstention doctrine, which precludes federal courts from intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). And as the Report explained, such circumstances are not present in this case because Petitioner may assert his speedy trial right and evidentiary arguments in state court—both at the pre-trial stage and on direct appeal. *See* [ECF No. 13 at 4–5.] Thus, there are procedures in place that protect his constitutional rights without this court's pre-trial intervention, and the court finds Petitioner will not suffer irreparable injury by this court's dismissal of his petition. *See id.*; *Younger*, 401 U.S. at 43–44. Consequently, this court abstains from intervening in Petitioner's ongoing state proceedings.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 13, and incorporates the Report by reference herein. Accordingly, the court **DISMISSES** Plaintiff's § 2241 petition without prejudice and without requiring Respondent to file a return. As a result, Plaintiff's motion to suppress evidence, ECF No. 21, is **DENIED as moot.**

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

**IT IS SO ORDERED.**

August 12, 2022                                    /s/Sherri A. Lydon
Columbia, South Carolina                    Sherri A. Lydon
                                                           United States District Judge

---

252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."